## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHIL-AM TRADING, INC. | Civil Act. No.: |
| *Plaintiff* | COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, CONSUMER FRAUD, DECLARATORY JUDGMENT AND TO ENFORCE SETTLEMENT AGREEMENT |
| v. | |
| PHIL-AM MERCHANDISING, INC. | |
| *Defendant* | |

Phil-Am Trading, Inc. ("Trading" and/or "Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Phil-Am Merchandising, Inc. ("Merchandising" and/or "Defendant") states and alleges as follows:

### JURISDICTION AND VENUE

1.     This is a complaint for Trademark Infringement, Unfair Competition, False Designation of Origin and Trademark Dilution arising under, *inter alia,* §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§114(1) (Registered Trademark Infringement) and 1125(a)(Unfair Competition, False Designation of Origin, and Unregistered Trademark Infringement) and 1125 (c)(Trademark Dilution) as well as related state law consumer fraud and common law claims.

2.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1121. This Court has related claim jurisdiction over the state law tort claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

3.     Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this district at the time the action is commenced, and under 28

U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant maintains its principal place of business in this district.

## THE PARTIES

4.  Plaintiff, Trading, is a corporation organized and existing under the laws of the State of New Jersey, engaged in the business of wholesale distribution services, having a principal place of business at 324-330 Hoboken Avenue, Jersey City, New Jersey 07306.

5.  Defendant is a corporation organized and existing under the laws of the State of New Jersey, engaged in the business of retail food sales, having a principal place of business at 683 Newark Avenue, Jersey City, New Jersey 07306.

## FACTUAL BACKGROUND

6.  Plaintiff, Trading, is a well know wholesale distribution company specializing in wholesale distribution services and branded food products operating under the name and trademark PHIL-AM.

7.  Defendant is a retail grocery store engaged in direct to consumer sales of Filipino based goods and products under the name PHIL-AM that has inappropriately expanded into the wholesale distribution and e-commerce fields under the same name.

8.  Both Trading and Defendant can trace their corporate history to a common predecessor company called Phil-Am Food Mart, Inc., formed in May of 1973, and which originally operated as a retail grocery store.  Sometime shortly thereafter, at least as early as, February 1, 1974, Phil-Am Food Mart, Inc., expanded into wholesale distribution services and branded food products. Thereafter, Phil-Am Food Mart, Inc. again expanded and began providing food catering services. All business were conducted under the name PHIL-AM.

2

9.  On or about December 31, 2002, Phil-Am Food Mart, Inc. underwent a corporate separation and reorganization, memorialized by fully executed written agreements, in which its retail division, wholesale distribution, and catering services were wholly and fully separated and transferred to three distinct, newly formed corporate entities. The wholesale distribution division was transferred to Plaintiff, Trading. The retail division, without any right of wholesale distribution under the PHIL-AM name, was transferred to Defendant, Merchandising. The catering business was transferred to Casa Victoria, Inc. The transfers expressly included all respective trademarks, tradenames, customer lists and all associated goodwill for each of the three businesses as applicable to each separate and distinct division.  Shortly after the corporate separation and reorganization, Phil-Am Food Mart, Inc. was dissolved (the "Dissolution").

10. The name and mark PHIL-AM has been continuously used in commerce in relation to wholesale distribution service and branded food products since at least as early as February 1, 1974 until present, and since the Dissolution, exclusively by Trading except for Defendant's misappropriation.

11. Since its formation on December 31, 2002, Trading has continuously used the name and mark PHIL-AM in connection with wholesale distribution services and PHIL-AM branded Filipino based food products.

12. Since its formation on December 31, 2002, Trading has had the exclusive right to, and has exclusively undertaken wholesale distribution services and the sale of PHIL-AM branded products.

13. On August 25, 2009, Trading was granted U.S. Registration Number 3,672,741 (the "'741 Registration") for the word mark "PHIL-AM" in relation to "Frozen fruits; Frozen vegetables; Canned fruits and vegetables; Canned or bottled fruits; Jellies, jams" in International

3

Class 046 and "noodles and spices" in International Class 030. A Section 8 Declaration of use was accepted on June 2, 2015 for the '741 Registration. Likewise, a Section 15 Declaration of Incontestability was accepted on June 18, 2015 for the '741 Registration.

14. On May 12, 2015, Trading was granted U.S. Registration Number 4,734,387 (the "'387 Registration") for the logo mark  in relation to "Meat; Fish, not live; Chicken; Preserved, dried, frozen and cooked fruits and vegetables; Jellies; Jams; Processed beans and nuts; Dried, frozen seafood; Dried edible seaweed; Seafood extract; Canned cooked meat; Canned seafood; Canned vegetables; Evaporated milk; Eggs; Milk; Condensed milk; Coconut milk powder; Cheese; Yogurt; Edible oils and fats; Potato chips; Soup; Soup mixes" in International Class 029 and "Jasmine Rice; Sweet pounded rice cakes; Brown Rice; Baking powder; baking soda; Biscuits; Breads; Processed cereals; Breakfast cereals; Bubble gum; Cakes and cake mixes; Pies; Candy; Caramel popcorn; Caramels; Chili powders; Cookies; Crackers and cheese combinations; Crackers; Dumplings; Egg rolls and egg roll wrappers; Food starch; Flour; Fruit sauces excluding cranberry sauce and apple sauce; Ginger; Coffee; Tea; Processed herbs; Spices and seasonings; Ice cream; Cones for ice cream; Flavored ices; Ketchup; Pasta; Prepared meals consisting primarily of pasta; Noodles; Oatmeal; Processed oats; Pancakes; Pancake mixes; Table syrup; Corn syrup; Flavoring syrups; Pickled ginger in the nature of sliced pickled ginger; Pickle relish; Puddings; Rice; Rice cakes; Salt; Sauces; Salad dressing; Sugar; Sushi ; Tortilla chips; Vinegar; Wafers; Waffles; Processed wheat; Won tons and won ton wrappers; Yeast; Frozen yogurt" in International Class 030.

15. Trading has established and maintained the highest standards of quality for services and products bearing the PHIL-AM name mark. Trading maintains stringent quality control practices and procedures with respect to the quality of services and products sold and offered for sale

4

under the PHIL-AM name and mark to secure and protect its valuable goodwill associated with its products and services. Such quality control insures that the services and products associated with the PHIL-AM name and mark will be identified by purchasers as the authentic PHIL-AM services and products and they can rest assured they will get the high quality services and products sold, sponsored or authorized by Plaintiff. Trading guards that reputation jealously and vigilantly.

16. Market confidence in the integrity and continuing quality of the PHIL-AM brand services and products is essential to maintaining the PHIL-AM good will and continuing and increasing sales of such services and products. Moreover, the demanding customers who rely on the PHIL-AM mark for assurance of high-quality services and products need protection from confusingly similar and/or identical marks branding inferior goods and services.

17. Trading has invested large sums of money into the advertising of its PHIL-AM wholesale distribution services and branded products, both in New Jersey and throughout the United States.

18. By virtue of its high quality standards and reputation achieved through such standards, Trading has been able to carve out a significant notoriety in the realm of wholesale distribution of Filipino based foods, as well as PHIL-AM branded food products, leading to considerable success in the marketplace. Trading's services and products are well known in both the United States and the Philippines and anywhere there is a strong Filipino presence.

19. Upon information and belief, long after Trading's adoption of the PHIL-AM name and trademark to identify its services and products, and in contravention of Trading's exclusive rights as agreed in the Dissolution, Defendant began advertising, selling and offering for sale infringing goods and services, namely identical wholesale food distribution and e-commerce services, under the identical PHIL-AM name and mark.

20. Upon information and belief, Defendant began advertising and undertaking wholesale food distribution services under the PHIL-AM name and mark on or around late 2011. Since late 2011, and especially as of recently, Defendant's wholesale food distribution services under the PHIL-AM name and mark have greatly expanded.

21. Upon information and belief, Defendant began advertising and undertaking e-commerce food sale services under the PHIL-AM name and mark on or around late 2010. Since late 2010, and especially as of recently, Defendant's e-commerce food sale services under the PHIL-AM name and mark have greatly expanded.

22. Upon information and belief, principals and/or employees of Defendant were and are informing the consuming public and vendors that Defendant is associated with, endorsed by, or outright owned Plaintiff.

23. Upon information and belief, Defendant has been previously fined and/or sanctioned for improper food sales and/or improper food handling by state and/or federal authorities. Despite this fact, Defendant has and is engaged in wholesale food distribution and e-commerce food sale services under the PHIL-AM name and mark.

24. Upon information and belief, Defendant is engage in the provision of wholesale food distribution and e-commerce services under the PHIL-AM name and mark in which expired food goods are knowingly sold.

25. Upon information and belief, Defendant has intentionally and willfully, been involved in the offering of services and the provision of such services infringing Trading's services and products. Defendant has knowingly sold infringing products and services in New Jersey and elsewhere in direct competition with Trading's services and products, with an eye toward facilitating those sales with the significant brand recognition and goodwill of Trading.

26. Upon information and believe, the activities of Defendant in selling and offering for sale such infringing products and services has been done willfully with the knowledge, and in fact intention, of trading on Trading's brand recognition and extensive goodwill, selling counterfeit products and services in an effort to confuse, mislead and deceive purchasers, vendors and members of the public that they are receiving Trading's best in class food products when they are in fact receiving expired and/or counterfeit food products.

27. Numerous recurring instances of actual confusion have occurred. Amongst such numerous and recurring instances are individuals and vendors who have inquired if Trading's and Defendant's businesses were the same entity, or related entities. Actual confusion is so rampant that a vendor, who had worked with Trading in the past, created a marketing presentation intended for Trading based upon the website of Defendant.  Trading has also received numerous calls and emails regarding late product shipments, billing disputes, and shipment details intended for Defendant.  Evidence of rampant consumer confusion is annexed as **Exhibit A.**

28. On or about June 15, 2015, due to a sharp rise in instances of actual confusion, Trading, through counsel, sent a letter to Defendant informing it of the rampant actual consumer confusion, attaching evidence thereof, and demanding that Defendant immediately cease its infringing actions.

29. As a result of Trading's June 15, 2015 Letter, Defendant filed Petitions to Cancel Trading's '387 and '741 marks with the Trademark Trial and Appeal Board ("TTAB") on July 24, 2015.  Issue in both TTAB proceedings was joined by Trading on September 4, 2015.

30. After extensive negotiations by and between the parties, Defendant on or about July 1, 2015, registered with the State of New Jersey "LS Filipino Merchandising" as an alternate name

under Phil-Am Merchandising, Inc. which it stated it was going to utilize for its wholesale food distribution services.

31. Despite the registration of LS Filipino Merchandising, Defendant is still providing wholesale food distribution and e-commerce food sale services for Filipino based products and foods under the PHIL-AM name and mark and on the website of www.philamfood.com.

32. As recently as September 23, 215, Trading has observed Defendant loading wholesale customer's vans and trucks with wholesale purchases while wearing tee-shirts emblazoned with PHIL-AM name mark.

33. As recently as September 23, 2015, Trading has observed wholesale food distribution services occurring at Defendant's retail grocery store which utilizes the PHIL-AM name.

34. As recently as September 23, 2015, there is documented proof of actual confusion due to Defendant's wholesale food distribution and e-commerce food sale services.

35. In fact, due to Defendant's pernicious and intentional acts of intertwining the PHIL-AM name and mark to encompass their retail services and the wholesale distribution services that rightfully belong to Trading, it will be impossible at this point to separate the two such that the purchasing public will know from whom they are purchasing.  In short, Defendant has succeeded in confusing everyone, even long-time friends and customers of Trading.

36. In good faith, Trading has expended a great deal of time and money in two attempts to settle the instant matter without the need for litigation. On both occasions, Trading and Defendant have negotiated mutually acceptable settlement agreements, only to have Defendant renege at the last minute without any real dispute as to the salient terms of settlement.

37. Most recently, on September 23, 2015, Defendant reneged on a fully negotiated settlement agreement. Over the course of a week, through counsel, all essential terms of a

settlement agreement were mutually agreed to, and the agreement reduced to a writing. The main aspect of this agreement was Defendant's covenant to cease all use of the PHIL-AM mark in commerce. Despite this fact, and without any reason, valid or otherwise, Defendant on September 23, 2015 refused to enter into the agreement. A copy of the correspondences confirming the material terms of the agreement, as well as the drafted agreement, are attached as **Exhibit B.**

38. In light of the foregoing, Defendant's wrongful use of Trading's name and mark has, and will continue to cause confusion, mistake, or deception in the minds of the public. In addition, not only has Trading been injured, and is facing imminent threat of future injury, the consuming public is also being injured, particularly as demonstrated in the many known instances of actual confusion.

39. Defendant's infringement constitutes willful and malicious violations of Trading's trademark rights and breach of the agreements that constitute the Dissolution. Such actions by Defendant are aimed at preventing Trading from continuing to build a business around a name and mark it has long possessed and has exclusive rights.

## <u>COUNT I</u>

### <u>ENFORCEMENT OF SETTLEMENT AGREEMENT</u>

40. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 39 of the Complaint as if fully set froth at length.

41. There is a strong public policy in enforcing settlement agreements.

42. On or about September 18, 2015, Trading and Defendant successfully negotiated a mutually acceptable settlement agreement that would dispose of all claims herein.

43. The parties expressly agreed upon all essential terms of the agreement. The terms were expressed in the form of a written settlement agreement circulated by and amongst the parties. All objections were negotiated and fixed and thereafter, no material objections were raised.

44. On September 23, 2015, for no reason whatsoever, Defendant stated it would not enter into the fully negotiated settlement agreement and reneged on its previous representations.

45. Based upon Lahue v. Pio Costa, 263 N.J. Super. 575, 596 (App. Div. 1993) and its progeny, the expressed settlement agreement attached hereto as **Exhibit B** is enforceable and must be imposed.

## COUNT II

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT §32

46. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 45 of the Complaint as if fully set froth at length.

47. Defendant's use of the PHIL-AM name and mark, or anything confusingly similar thereto, for wholesale food distribution services and/or the sale of food products through e-commerce on the website www.philamfood.com, or other similarly named sites, or any website that displays the PHIL-AM mark, constitutes trademark infringement pursuant to 15 U.S.C. §1114.

48. Defendant knowingly and willfully used and continues to use the PHIL-AM name and mark for wholesale food distribution services and/or the sale of food products through e-commerce on the website www.philamfood.com, despite its knowledge of Trading's prior rights.

49. Defendant's wrongful use of the PHIL-AM mark comprises a willful infringement of Trading's '387 and '741 marks and is likely to cause confusion, mistake and deception in the minds of the purchasing public as to the identity and origin of its and Trading's services and

products, causing irreparable harm to Trading and the public for which there is no adequate remedy at law.

50. As a result of Defendant's willful wrongful use of the PHIL-AM name and mark, Trading has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trading in its name and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trading has no adequate remedy at law.

51. By reason of the foregoing act, Defendant is liable to Trading for trademark infringement under 15 U.S.C. §1114.

## COUNT III

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT SECTION 43(A)

52. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 51 of the Complaint as if fully set froth at length.

53. Trading has a date of first use for the name and mark PHIL-AM in association with wholesale distribution services and branded food products at least as early as February 1, 1974,

54. The PHIL-AM name and mark has been used continuously in commerce for wholesale distribution services and branded food products since at least as early as February 1, 1974.

55. Plaintiff, on December 31, 2002, via expressed written contact, obtained the PHIL-AM name and mark in association with wholesale distribution services and branded food products, included all associated good will.

56. Trading has continuously used the PHIL-AM name and mark in commerce in connection with wholesale distribution services and branded food products since at least as early as December 31, 2002.

57. PHIL-AM in connection with wholesale distribution services and branded food products is inherently distinctive.

58. PHIL-AM in connection with wholesale distribution services and branded food products has acquired secondary meaning.

59. Defendant, long after December 31, 2002 began using the PHIL-AM name and mark in association with wholesale food distribution and e-commerce food services.

60. Defendant's use of the PHIL-AM name and mark, or anything confusingly similar thereto, in conjunction with  wholesale food distribution and e-commerce food services constitutes trademark infringement pursuant to 15 U.S.C. §1125(a).

61. Defendant knowingly and willfully used and continues to use, the PHIL-AM mark and name for wholesale food distribution services and/or the sale of food products through e-commerce on the website www.philamfood.com, despite its knowledge of Trading's prior rights.

62. Defendant's wrongful use of the PHIL-AM name and mark in association with wholesale food distribution and e-commerce food services comprises an infringement of Trading's name and mark and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Trading's services and products, causing irreparable harm to Trading for which there is no adequate remedy at law.

63. As a result of Defendant's wrongful use of the PHIL-AM name and mark, Trading has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trading in its name and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trading has no adequate remedy at law.

## COUNT IV

## UNFAIR COMPETITION UNDER THE LANHAM ACT §43(A)

64. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 63 of the Complaint as if fully set froth at length.

65. Defendant knowingly and willfully used and continues to use, the PHIL-AM name and mark in association with wholesale food distribution and e-commerce food services, despites its knowledge that Trading owns and thereby controls the lawful use of the name and mark PHIL-AM in association with wholesale food distribution and e-commerce food services.

66. Defendant's use of Trading's PHIL-AM name and marks in association with wholesale food distribution and e-commerce food services to promote, market or sell its products or services in direct competition with Trading's products or services constitutes unfair competition pursuant to 15 U.S.C. §1125(a). Defendant's use of Trading's PHIL-AM name and marks in association with wholesale food distribution and e-commerce food services is likely to, and has caused confusion, mistake and deception among consumers.

67. As a result of Defendant's unfair competition, Trading has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trading in its name and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trading has no adequate remedy at law.

## COUNT V

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT §43(A)

68. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 67 of the Complaint as if fully set froth at length.

69. As a result of Trading's widespread and long-standing used of the PHIL-AM name and marks, specifically for wholesale distribution services, Trading's marks have achieved substantial goodwill, recognition and reputation through the United States.

70. Defendant's unauthorized use of the PHIL-AM name and marks in association with wholesale food distribution and e-commerce foods sale services, constitutes the use in commerce of a word, term, name, symbol or device, or a combination thereof, constituting a false designation of origin, a false or misleading deception, and a false and misleading representation that is likely to cause confusion, mistake, or deception as to the affiliation, connection or associations of Defendant, and is further likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Trading of Defendant's use of Trading's name and marks.

71. These acts by Defendant constitute a violation of §43(a) of the Lanham Act, 15 U.S.C. 1125(a).

72. As a result of Defendant's false designation of origin, Trading has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trading in its name and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trading has no adequate remedy at law.

## COUNT VI

## TRADEMARK DILUTION BY TARNISHMENT UNDER THE LANHAM ACT §43(A)

73. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 72 of the Complaint as if fully set froth at length.

74. The Trading's name and mark, both in word and logo form, are famous and distinctive and are entitled to protection against dilution by blurring and tarnishment.

75. Defendant commenced use of the PHIL-AM name and mark for wholesale food distribution and e-commerce food sale services after Trading's marks had become famous and distinctive for such goods and services.

76. By using Trading's marks in connection with wholesale food distribution and e-commerce food sale services, which have in past have been subject to state and/or federal fines and sanctions, and which continue to operate in contravention of state and federal licensing laws, Defendant has injured and will continue to injure Trading's business reputation, has tarnished the distinctive quality of Trading's famous name and marks, has lessened the capacity of Trading's famous name and marks to identify and distinguish Trading's goods and services in violation of 15 U.S.C. §1125(c) and if allowed to continue, will associate a 'bad taste' with Trading's best in class products and services.

77. As a result of Defendant's tarnishment of Trading's famous name and marks, Trading has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trading in its name and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trading has no adequate remedy at law.

## COUNT VII

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

78. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 77 of the Complaint as if fully set froth at length.

79. Trading owns the name and marks PHIL-AM in connection with wholesale distribution services and branded food products, and has used it continuously in commerce, with a date of first use at least as early as February 1, 1974.

80. PHIL-AM in connection with wholesale distribution services and branded food products is inherently distinctive.

81. PHIL-AM in connection with wholesale distribution services and branded food products has acquired secondary meaning.

82. Defendant's knowing and unauthorized use of the PHIL-AM mark in connection with wholesale food distribution and e-commerce foods sale services is likely to cause confusion and mistake and to deceive persons as to the origin, sponsorship or approval of Defendant's activities, goods and services.

83. These acts by Defendant constitute trademark infringement in violation of the common law.

84. As a result of Defendant's unlawful use of the PHIL-AM name and marks, Trading has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trading in its name and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trading has no adequate remedy at law.

## COUNT VIII

## NEW JERSEY CONSUMER FRAUD

85. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 84 of the Complaint as if fully set froth at length.

86. Defendant's aforesaid acts constitute the employment of an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation and/or the knowing concealment, suppression or omission of a material fact with an intent that others will rely upon

such concealment, suppression or omission, in connection with the sale or advertisement of merchandise, in violation of N.J.S.A. 56:8-1 *et seq.*

87. The foregoing willful unconscionable commercial practices of Defendant were designed to unjustly enrich Defendants.

88. The foregoing constitutes actionable unlawful commercial practices under N.J.S.A. § 56:8-1, *et seq.*

89. As a direct result of Defendant's acts and omission, and use of unconscionable commercial practices, the public, relying on Defendant's misrepresentations, has been injured and Trading has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Trading in its name and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Trading has no adequate remedy at law.

## COUNT IX

## DECLARATORY JUDGMENT

90. Trading alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 89 of the Complaint as if fully set froth at length.

91. As recounted at herein at length, an actual controversy and/or dispute has arisen between the Parties. Defendant has filed Petitions to Cancel against Trading's federally registered trademarks, Reg. Nos. 4,734,387 and 3, 672,741.

92. As a result, Trading is entitled to declaratory judgment declaring that Trading's federally registered trademarks, Reg. Nos. 4,734,387 and 3, 672,741 are valid and subsisting, and as a result, should not be cancelled or otherwise encumbered in any way.

**WHEREFORE**, Trading prays judgment against Defendant as follows:

1.      The Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under the authority of the Defendant, be preliminarily and permanently enjoined from:

a.      Using the PHIL-AM name and mark, or any colorable imitation thereof, in association with wholesale distribution services, branded food products and e-commerce food sales;

b.      Using any trademark that imitates or is confusingly similar to or in any way similar to Trading's PHIL-AM trademarks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Trading's products or their connectedness to Defendant.

2.      The Defendants be required to file with the Court and serve on Trading within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3.      That, pursuant to 15 U.S.C. §1117, Defendants be held liable for all damages suffered by Trading resulting from the acts alleged herein;

4.      That, pursuant to 15 U.S.C. §1117, Defendants be compelled to account to Trading for any and all profits derived by it from its illegal acts complained of herein;

5.      That the Defendants be ordered pursuant to 15 U.S.C. §1118 to deliver up for destructions all containers, labels, signs, prints, packages, wrappers, advertising, promotional material or the like in the possession, custody or under the control of Defendant bearing a trademark found to infringe on Trading's trademark rights;

6.      That the Court award damages to Trading not less than $1,000,000;

7.      That the Court declare this to be an exceptional case and award Trading its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117;

8.      That the Court declare that Trading's federally registered trademarks Reg. Nos. 4,734,387 and 3, 672,741 are valid and subsisting, and as a result, should not be cancelled or otherwise encumbered in any way;

*9.*      That the Court declare that the acts and omission of Defendant constitute unlawful commercial practices in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq;*

10.     That the court asses the maximum statutory civil penalties (including but not limited to treble damages) against Defendant for each and every violation of the New Jersey Consumer Fraud Act, in accordance with N.J.S.A. § 56:8-13;

11.     That the Court award Trading its full costs and reasonable attorneys' fees as authorized by New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.;*

12.     That the Court enforce the Settlement Agreement attached to **Exhibit B** to the extent not inconsistent with the other relief granted herein as previously agreed by and amongst the Parties;

13.     That the Court grant Trading any other remedy to which it may be entitled as provided for under the Lanham Act or state law; and

14.     For such other relief as the Court deems just and proper.

Dated: September 28, 2015    Respectfully submitted,


           THE MCHATTIE LAW FIRM LLC


           /s/ Clay D. Shorrock, Esq.
           Clay D. Shorrock, Esq.
           Attorneys for Plaintiff
           Phil-Am Trading, Inc.
           550 West Main Street
           Boonton, New Jersey 07005
           Telephone: (973) 402-5505
           Facsimile: (973) 400-4110


## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable before a jury.

Dated: September 28, 2015    Respectfully submitted,

           THE MCHATTIE LAW FIRM LLC


           /s/ Clay D. Shorrock, Esq.
           Clay D. Shorrock, Esq.
           Attorneys for Plaintiff
           Phil-Am Trading, Inc.
           550 West Main Street
           Boonton, New Jersey 07005
           Telephone: (973) 402-5505
           Facsimile: (973) 400-4110

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

In accordance with New Jersey Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is also subject to two (2) Petitions to Cancel, bearing proceeding numbers 92061899 and 92061947, currently pending before the Trademark Trials and Appeals Board (TTAB). Aside from aforementioned TTAB proceedings, the undersigned hereby certifies that to the best of his knowledge and belief, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: September 28, 2015                     Respectfully submitted,

                                              THE MCHATTIE LAW FIRM LLC


                                              /s/ Clay D. Shorrock, Esq.
                                              Clay D. Shorrock, Esq.
                                              Attorneys for Plaintiff
                                              Phil-Am Trading, Inc.
                                              550 West Main Street
                                              Boonton, New Jersey 07005
                                              Telephone: (973) 402-5505
                                              Facsimile: (973) 400-4110